(September 25, 1915.)

STATE OF IDAHO, R. T. WEAVER, E. C. DAVIS, E. H. PEMBER, N. R. DAVIS, OSCAR NOH, HERMAN L. BRANT, J. W. BRANT, W. B. HOAG, J. L. VREDEN-BURGH, JOHN I. DEEDS, T. F. WARNER and ROB-ERT ACKLESON, Plaintiffs, v. THE TWIN FALLS CANAL COMPANY a Corporation, Defendant.

[151 Pac. 1013.]

MANDAMUS—IRRIGATION PROJECTS—RIGHTS OF PURCHASERS OF SCHOOL LANDS.

1. Upon authority of *State v. Twin Falls Canal Co., a Corporation,* 21 Ida. 410, 121 Pac. 1039, *held,* that purchasers of school lands within the reclamation project of said canal company are entitled to purchase and have issued to them shares of water right stock in said corporation, and that the peremptory writ of mandate issue.

Petition for writ of mandate.   Demurrer to defendant's answer sustained and peremptory writ issued.

J. H. Peterson, Attorney General, E. G. Davis, T. C. Coffin and Herbert Wing, Assistants, for Plaintiffs, file no brief.

A. M. Bowen, for Defendant, cites no authorities.

George Herriott, *Amicus Curiae.*

The settler has the permanent right to enough water to thoroughly irrigate.   Otherwise the object of the Carey Act would be defeated.   And furthermore, it is clearly shown by the language of sec. 16 of the state contract that the lands

segregated under said act have a prior right over other lands. (*McKinney, v. Big Horn etc. Co.,* 167 Fed. 770, 93 C. C. A. 258.)

MORGAN, J.—This action was commenced for the purpose of procuring from this court a writ of mandate to compel the defendant to issue shares of water right stock to the plaintiffs, other than the state of Idaho, they being purchasers of state lands included within the irrigation project of the defendant corporation. The facts alleged in the complaint are substantially the same as those relied upon by the plaintiffs in *State of Idaho and H. T. West v. Twin Falls Canal Co.,* 21 Ida. 410, 121 Pac. 1039, and the lands involved in this case for which water rights are sought are a part of the state school lands mentioned therein. The contract and conditions governing this case are fully discussed in the other, so they need not be restated here. An alternative writ of mandate was issued and the defendant filed its answer to the complaint. The plaintiffs have demurred to the answer upon the ground that it does not state facts sufficient to constitute a defense, and they rely upon the decision of this court in the case above cited.

The defense offered by the answer is practically the same as that relied upon in said case of *State of Idaho and H. T. West v. Twin Falls Canal Co., supra,* but the defendant seeks to distinguish this case from that and alleges as follows:

"Defendant admits that some of the issues and questions involved in the present refusal of defendant to issue or sell shares of stock in the defendant company for the lands described in the complaint are similar to the issues raised in said last-named case, but defendant denies that the said suit was or is decisive of the issues raised in this case, or that the same is in any way decisive of the issues in this case as a matter of law; defendant alleges in this respect that the said case was decided by the supreme court upon the demurrer to the answer of the defendant therein; that the supreme court of this state assumed as true certain facts which were not intended to be admitted, and that said decision was based upon

the state of facts greatly at variance with the real state of facts concerning the subject matter of the rights of the state to secure by mandate shares of stock in the defendant company, all of which will more particularly appear in this defendant's answer. Defendant further says that it is not the intention of this defendant to disregard in any way the decision of the supreme court of this state in the case above mentioned, but the defendant company makes this its answer to the complaint of the plaintiff for the reason that the defendant company believes that the decision in the said case was rendered and decided upon a misapprehension as to the facts and law governing the rights of the respective parties.''

It is also alleged in the answer that if defendant is compelled to make its present water supply, even though it has the use of water to its entire capacity, do duty upon more lands than that belonging to its present stockholders who are entitled to its use under their contracts, it will be unable to deliver to any stockholder a supply of water ample to irrigate his land; that it is provided in and contemplated by said contract that each water right holder is and shall be entitled to the use and to have delivered to him 1/80 of a second-foot per acre, said amount to be delivered at a point not further than one-half mile from the place of intended use, and that in order to enable it to deliver that amount of water to its present stockholders, all of the present available supply is and will continue to be necessary for that purpose; also, that in order for defendant's present stockholders to have a supply of water ample in volume to thoroughly irrigate their lands, it will be necessary for them to have 1/80 of a second-foot per acre, and that it will be unable to adopt any system of rotation or any other system of delivery by which the present available water supply can do duty to more than the lands of the present stockholders and furnish them with an adequate amount of water for irrigation purposes.

It is further alleged in the answer that an action has been commenced and is pending in the district court of the fourth judicial district in and for Twin Falls county by one Eldridge

and others, who are owners of water right stock in said defendant corporation, against the defendant herein, for the purpose of restraining it from selling or transferring any portion of the stock held by it or of selling any water rights in its irrigation system, and that a temporary injunction to that effect has been issued. A copy of the complaint in that case is attached to and made a part of the answer in this, and in it is alleged as a cause of action the same state of facts relied upon by the defendant here as a defense. The fact that the injunction suit is pending in the district court does not constitute a defense in this case, and the questions of law presented therein, so far as they affect the rights of the parties to this case, may be determined here.

All the material facts alleged in the answer, other than the pendency of the injunction suit, were alleged in defendant's amended answer in the case of *State v. Twin Falls Canal Company supra,* and were, for the purposes of the demurrer lodged against it admitted to be true. These facts were fully considered by the court, and the conclusion was reached that they did not constitute a defense to plaintiffs' cause of action.

Upon the authority of the said case of *State v. Twin Falls Canal Co., supra,* we conclude that the answer in this case does not state facts sufficient to constitute a defense. The demurrer is sustained and the peremptory writ of mandate will issue. Costs are awarded to the plaintiffs.

Sullivan, C. J., and Budge, J., concur.